# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID F. WENRICH, JR., | |
| Plaintiff, | CIVIL ACTION NO. 3:09-cv-536 |
| v. | (JUDGE CAPUTO) |
| TOTAL LOGISTIC CONTROL, | |
| Defendant. | |

## MEMORANDUM

Presently before this Court is Defendant Total Logistic Control's motion to dismiss plaintiffs sole count, wrongful discharge under Pennsylvania state law, for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Defendant's motion will be granted because Plaintiff's Complaint fails to allege sufficient facts for a claim for an implied employment contract, or to satisfy the public policy exception for termination of an at-will employee.

This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## BACKGROUND

The facts alleged in Plaintiff's Complaint are as follows:

Plaintiff David Wenrich ("Wenrich") was employed at Total Logistics Control ("TLC") beginning on or about August 27, 2007. (Compl. ¶ 6, 7.) TLC provided Wenrich with a written employee handbook of policies at the commencement of employment. (*Id.* ¶ 8.) At all times Plaintiff complied with the policies of this handbook. (*Id.* ¶ 15.) On or about April 15, 2008, Wenrich was employed as an Operations Supervisor. (*Id.* ¶ 3.)

That day, another employee, Angela Minichbach, was injured while on the job. (*Id.* ¶ 4.) Wenrich, in compliance with the employee handbook, drove Ms. Minichbach for medical care to Pottsville Hospital and Warne Clinic. (*Id.* ¶ 5, 15, 20.) As a result of this conduct, Wenrich was terminated on April 21, 2008. (Compl. ¶ 22.)

On February 3, 2009, Plaintiff filed an action in the Court of Common Pleas of Schuylkill County, Pennsylvania. Defendant TLC removed the case to the Middle District of Pennsylvania on March 3, 2009. On March 31, 2009, TLC filed a motion to dismiss Plaintiff's Complaint. This motion to dismiss has been fully briefed by both parties and is ripe for disposition.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it

2

rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

3

**DISCUSSION**

**I.   Wrongful Termination**

In Pennsylvania, there is a presumption of an at-will employment relationship. *Luteran v. Loral Fairchild Corp.*, 688 A.2d 211, 214 (Pa. Super. Ct. 1997). The Pennsylvania Supreme Court has "steadfastly resisted any attempt to weaken the presumption of the at-will employment in this Commonwealth." *McLaughlin v. Gastrointestinal Specialists,* Inc., 750 A.2d 283, 290 (Pa. 2000). The burden of overcoming this presumption rests with the employee. *Willis v. Am. Customer Care*, No. 04-2606, 2006 U.S. Dist. LEXIS 80983, at *19 (M.D. Pa. Oct. 25, 2006) (citing *Luteran*). Generally, termination of at-will employees does not give rise to a cause of action. *McMullin v. Cranmer*, 159 Fed. Appx. 422, 424 (3d Cir. 2005). "Courts have recognized exceptions only for implied contract claims based on representations made in the employee handbook and for public policy claims." *Id.*

A.  Implied Contractual Relationship

Plaintiff alleges that by providing an employee handbook with company policies, the parties entered into an implied contractual employment relationship. (Compl. ¶ 9.) "A handbook is enforceable against an employer if a reasonable person in the employee's position would interpret its provisions as evidencing the employer's intent to supplant the at-will rule and be bound legally by its representations in the handbook." *Small v. Juniata College*, 682 A.2d 350, 353 (Pa. Super. Ct. 1996) (quoting *Ruzicki v. Catholic Cemeteries Association*, 610 A.2d 495, 497 (1992)). "The handbook . . . must contain a clear indication that the employer intended to overcome the at-will presumption." *Id*. at 353

4

(quoting *Ruzicki* at 497).  A finding of an implied contract would be "a modification of immense proportions" and therefore requires "a clear statement of an intent." *Martin v. Capital Cities Media, Inc.*, 511 A.2d 830, 838 (Pa. Super. Ct. 1986).  Here, the Plaintiff makes no allegations of language or other features which would provide a clear indication of an intent against at-will employment.  Defendant provides a copy of the handbook and it contains no language which supports Plaintiff's argument; the handbook only discusses safety protocols.  (Doc. 4, Exhibit A.)  There is no language which discusses hiring or firing conditions, nor any termination related procedures which might provide some support for an implied contract.  (*Id.*)  Even assuming all facts alleged by the Plaintiff are true, the allegations fail to make out a claim for an implied contract.

    B.  At-Will-Employment

Pennsylvania recognizes three narrow public policy exceptions to the general at-will employment doctrine. *Hennessy v. Santiago*, 708 A.2d 1269, 1273 (Pa. Super. Ct. 1998) (citing *Shick v. Shirey*, 691 A.2d 511, 513 (Pa. Super. Ct. 1997).  The exceptions allow a wrongful termination suit when: (1) an employer required an employee to commit a crime; (2) an employer prevented "an employee from complying with a statutorily imposed duty;" or (3) an employer was prohibited by statute from discharging an employee. *Id.*, 708 A.2d at 1273 (quoting *Shick*, 691 A.2d at 513).  Plaintiff alleges no crime which he was forced to commit, no statutory duty he was required to violate, and no statute under which TLC would be prohibited from terminating Plaintiff's employment.  Plaintiff instead argues that providing medical assistance to a co-worker should qualify.  While providing such assistance may be a noble objective, it is a far cry from one

5

mandated by statute. *See* 42 PA. CONS. STAT. § 8332 (Pennsylvania Good Samaritan statute providing *immunity* for rendering aid, not mandating it). Plaintiff's argument that taking an injured co-worker for medical attention misconstrues and inappropriately attempts to broaden the scope of the public policy exception.

Generally termination of at-will employment creates no cause of action, and the Plaintiff's allegations do not establish an implied contract or qualify under the public policy exception. Plaintiff's allegations fail to state a claim for which relief may be granted, and therefore Defendant's motion to dismiss is granted.

### II. Reduction in the Time to File Claims

Under Pennsylvania law, contracting parties may agree in writing to reduce the statute of limitations on any claims, so long as the modification is not "manifestly unreasonable." 42 PA. CONS. STAT. § 5501(a). Defendant argues that the application signed by Plaintiff reduced the time frame for filing a claim to six months. (Doc. 4, Exhibit B.) While it is not immediately clear whether a six-month time frame is "manifestly unreasonable," this question is moot given the aforementioned failure of these facts to constitute a cause of action. *See Grosso v. Fed. Express Corp.*, 467 F.Supp. 2d 449, 457 (E.D. Pa. 2006) (concluding six-month limitation in employment context unreasonable).

**CONCLUSION**

For the reasons stated above, Defendant TLC's motion to dismiss will be granted.

An appropriate Order follows.

 September 8, 2009                          /s/ A. Richard Caputo  
Date                                        A. Richard Caputo
                                            United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAVID F. WENRICH, JR., | |
| Plaintiff, | CIVIL ACTION NO. 3:09-cv-536 |
| v. | (JUDGE CAPUTO) |
| TOTAL LOGISTIC CONTROL, | |
| Defendants. | |

## **ORDER**

**NOW**, this  8th  day of September, 2009, **IT IS HEREBY ORDERED** that Defendant TLC's motion to dismiss (Doc. 3) Plaintiff's Complaint is **GRANTED**.

 /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge